# United States District Court
## Middle District of North Carolina

ENTERED ON DOCKET
R. 55
APR 29 2011
BY _____

FILED APR 19 2011
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By _____

UNITED STATES OF AMERICA
v.
GARY CHARLES SMITH

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:09CR371-1 and 1:10CR302-1
USM Number: 05147-058

Lisa Costner
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s) **2s, 4s, 8s, 12s and 13s of the Superseding Indictment filed 12/14/2009 in case number 1:09cr371-1 and Counts 1-7 of case number 1:10cr302-1.**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1344(1) | Mail Fraud in case number 1:09cr371-1 | September 15, 2008 | 2s |
| 18:1028A(a)(1) and 2 | Aggravated Identity Theft in case number 1:09cr371-1 | February 14, 2008 | 4s |
| 18:1028A(a)(1) and 2 | Aggravated Identity Theft in case number 1:09cr371-1 | March 23, 2009 | 8s |
| 18:1028A(a)(1) and 2 | Aggravated Identity Theft in case number 1:09cr371-1 | November 20, 2008 | 12s |
| 18:1956(a)(1)(B)(i) | Money Laundering in case number 1:09cr371-1 | March 23, 2009 | 13s |
| 18:1344 | Bank Fraud in case number 1:10cr302-1 | August 31, 2009 | 1 |
| 18:1028A(a)(1) and(c)(5) | Aggravated Identity Theft in case number 1:10cr302-1 | August 31, 2009 | 2 |
| 18:1344 | Bank Fraud in case number 1:10cr302-1 | August 31, 2009 | 3 |
| 18:1028A(a)(1) and (c)(5) | Aggravated Identity Theft in case number 1:10cr302-1 | August 31, 2009 | 4 |
| 18:1029(a)(2) | Access Device Fraud in case number 1:10cr302-1 | October 1, 2009 | 5 |
| 18:1028A(a)(1) and (c)(5) | Aggravated Identity Theft in case number 1:10cr302-1 | August 22, 2009 | 6 |
| 42:408(a)(6) | Social Security Fraud in case number 1:10cr302-1 | August 28, 2009 | 7 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) **1-8 of the Indictment filed 10/27/2009 and Counts 1s, 3s, 5s-7s, 9s-11s of the Superseding Indictment filed 12/14/2009 in case number 1:09cr371-1** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 29, 2011
Date of Imposition of Judgment

/s/ Thomas D. Schroeder
Signature of Judicial Officer

Thomas D. Schroeder, United States District Judge
Name & Title of Judicial Officer

April 18, 2011
Date

DEFENDANT: GARY CHARLES SMITH
CASE NUMBER: 1:09CR371 and 1:10CR302-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **222 months.**

[78 months under Counts 2s and 13s of case number 1:09cr371-1 and Counts 1, 3 and 5 of case number 1:10cr302-1, each count concurrent;

60 months under Count 7 of case number 1:10cr302-1 to run concurrently with the sentence imposed under Counts 2s and 13s of case number 1:09cr371-1 and Counts 1, 3 and 5 of case number 1:10cr302-1; and

24 months, each count consecutive, for a total of 144 months, under Counts 4s, 8s and 12s of case number 1:09cr371-1 and Counts 2, 4 and 6 of case number 1:10cr302-1 to run consecutive with the sentence imposed in Counts 2s and 13s of case number 1:09cr371-1 and Counts 1, 3, 5 and 7 of case number 1:10cr302-1.]

☒ The court makes the following recommendations to the Bureau of Prisons: **the defendant be given a mental health evaluation and the most intensive form of treatment, including Residential Drug Abuse Program (RDAP) for co-occurring populations, to address the defendant's diagnosis of bi-polar disorder. Secondarily to the recommendation for mental health treatment, the defendant be designated to a facility as close as possible to Texas. It is recommended the Bureau of Prisons monitor the defendant's interactions with inmates and other Bureau of Prisons personnel given the defendant's convictions for identity theft. It is further recommended the defendant be housed separate and apart from Gary Labron Smith, Gary Dean Smith, Gary Lynn Smith and Tyrone James Bowers while in the custody of the Bureau of Prisons.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

 ☐ at _____ am/pm on _____ .

 ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

 ☐ before 2 pm on _____ .

 ☐ as notified by the United States Marshal.

 ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY US MARSHAL

DEFENDANT: GARY CHARLES SMITH
CASE NUMBER: 1:09CR371 and 1:10CR302-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years.**

**[Five (5) years under Counts 2s of case number 1:09cr371-1 and Counts 1 and 3 of case number 1:10cr302-1 and three (3) years under Count 5 of case number 1:10cr302-1, each count concurrent;**

**Three (3) years under Count 7 in case number 1:10cr302-1 and Counts 2s and 13s of case number 1:09cr371-1 and Counts 1, 3 and 5 of case number 1:10cr302-1, each count concurrent;**

**One (1) year under Counts 4s, 8s and 12s of case number 1:09cr371-1 and Counts 2, 4 and 6 of case number 1:10cr302-1, each count concurrent; and**

**All of the above terms to run concurrently.]**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: GARY CHARLES SMITH
CASE NUMBER: 1:09CR371-1 and 1:10CR302-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall cooperatively participate in a mental health treatment program, which may include inpatient/residential treatment, and pay for treatment services, as directed by the probation officer.

The defendant shall submit his person, residence, office, vehicle, or any property under his control to a warrantless search. Such search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

The defendant shall not possess or use a computer, or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

DEFENDANT: GARY CHARLES SMITH
CASE NUMBER: 1:09CR371-1 and 1:10CR302-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,200.00 | $ | $ 45,871.39 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Macy's | 2,192.43 | 2,192.43 | |
| American Express | 12,701.82 | 12,701.82 | |
| Chase Card Services | 3,461.92 | 3,461.92 | |
| Piedmont Electric | 496.23 | 496.23 | |
| Swiss Colony | 489.37 | 489.37 | |
| University Club | 1,603.62 | 1,603.62 | |
| Appliance Warehouse | 187.79 | 187.79 | |
| Resurgent Capital Credit One | 1,106.83 | 1,106.83 | |
| SECU | 95.40 | 95.40 | |
| Capital One | 768.83 | 768.83 | |
| Embarq | 483.83 | 483.83 | |
| Time Warner Cable | 522.00 | 522.00 | |
| T-Mobile | 691.02 | 691.02 | |
| Bank of America | 383.23 | 383.23 | |
| Internal Revenue Service | 4,000.00 | 4,000.00 | |
| Belk's | 303.92 | 303.92 | |
| Sam's Club | 3,438.53 | 3,438.53 | |
| Brooks Brothers | 2,810.77 | 2,810.77 | |
| Shell | 1,091.88 | 1,091.88 | |
| Citgo | 914.02 | 914.02 | |
| Exxon | 1,313.98 | 1,313.98 | |
| Staples | 1,152.62 | 1,152.62 | |
| AT&T | 1,318.32 | 1,318.32 | |
| Discover Financial Services | 1,794.38 | 1,794.38 | |
| Meade & Associates (Kroger) | 771.96 | 771.96 | |
| Lenox Corp. | 754.66 | 754.66 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GARY CHARLES SMITH
CASE NUMBER: 1:09CR371-1 and 1:10CR302-1

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Carver Street Animal | 256.36 | 256.36 | |
| Master Credit | 110.59 | 110.59 | |
| Alliance One (USPS) | 235.18 | 235.18 | |
| Southwest Airlines | 419.90 | 419.90 | |
| **Totals:** | **$ 45,871.39** | **$ 45,871.39** | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GARY CHARLES SMITH
CASE NUMBER: 1:09CR371-1 and 1:10CR302-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ **47,071.39** due immediately, balance due

☐ not later than _____ , or

☒ in accordance with ☐ C, ☒ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒ **In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the defendant shall make payments in equal, monthly installments of $75.00 to begin 60 days after the commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full; or**

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**To the extent the defendant cannot immediately comply, the Court will recommend he participate in the Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, unless otherwise directed by the court, the probation officer, or the United States Attorney. Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: **the laptop computer with the hard drive removed shall be returned to the defendant. Upon completion of the appellate process, the hard drive from the laptop, the desktop computer, and the boxes containing personal identifiers for various individuals seized from the defendant shall be destroyed.**